IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

A.B.F., as next friend of
C.A.E., a minor child under the age of 18,

    Plaintiff,

v.

JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
NORAMCO;
MCKESSON CORPORATION;
CARDINAL HEALTH, INC.;
H.D. SMITH, LLC;
H.D. SMITH HOLDINGS, LLC;
H.D. SMITH HOLDING COMPANY;
AMERISOURCEBERGEN CORPORATION;
AMERISOURCEBERGEN DRUG CORPORATION;
ANDA, INC.;
TEVA PHARMACEUTICAL INDUSTRIES, LTD.;
TEVA PHARMACEUTICALS USA, INC.;
ALLERGAN USA, INC.;
ALLERGAN SALES LLC;
ALLERGAN PLC;
ALLERGAN FINANCE LLC;
ABBVIE INC.;
MCKINSEY & COMPANY, INC.;
MCKINSEY & COMPANY, INC. UNITED STATES;
MCKINSEY & COMPANY, INC. WASHINGTON D.C.; and
WEST VIRGINIA BOARD OF PHARMACY,

    Defendants.

Civil Action No. 2:22-cv-00480

(Removal from Circuit Court of
Kanawha County, West Virginia,
Civil Action No. 22-C-76 MSH)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AmerisourceBergen Drug Corporation ("Removing Defendant") removes the above-captioned action from the Circuit Court of Kanawha County, West Virginia to the United States District

-1-

Court for the Southern District of West Virginia. As grounds for removal, Removing Defendant states:

## I. Nature of Removed Action

1. On August 26, 2022, Plaintiff A.B.F., as next friend and guardian of Minor C.A.E., filed a Complaint in the Circuit Court of Marshall County, West Virginia, Civil Action No. 22-C-76 MSH, against Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Noramco; McKesson Corporation; Cardinal Health, Inc.; H.D. Smith, LLC; H.D. Smith Holdings, LLC; H.D. Smith Holding Company; AmerisourceBergen Corporation; AmerisourceBergen Drug Corporation; Anda, Inc.; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Allergan USA, Inc.; Allergan Sales LLC; Allergan PLC; Allergan Finance LLC; AbbVie Inc.; McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; and the West Virginia Board of Pharmacy. All of the foregoing Defendants, except for the West Virginia Board of Pharmacy, are referred to herein as the "Private Defendants."

2. This action was transferred to the Circuit Court of Kanawha County, West Virginia by order dated October 19, 2022, entered by the Mass Litigation Panel.

3. This action is one in a series, filed by the same counsel, against the same Defendants, and asserting nearly identical allegations. Accordingly, Removing Defendant has marked this action as "related" to the 14 actions identified in footnote 1 below.[1] Moreover, both

---

[1] The following related actions, all filed on August 26 in Marshall County Circuit Court and subsequently transferred to Kanawha County Circuit Court, are being removed simultaneously with this one and thus are listed here with their state-court case numbers: *S.U. ex rel. G.M. v. Johnson & Johnson et al.*, Civil Action No. 22-C-67 MSH; *J.A.H. ex rel. J.S., IV v. Johnson & Johnson et al.*, Civil Action No. 22-C-68 MSH; *L.M.H. ex rel. C.J.W. v. Johnson & Johnson et al.*, Civil Action No. 22-C-69 MSH; *A.L.K. ex rel. A.M.K. v. Johnson & Johnson et al.*, Civil Action No. 22-C-70 MSH; *S.W. ex rel. J.W. v. Johnson & Johnson et al.*, Civil Action No. 22-C-71 MSH; *K.A.D. ex rel. B.D.G. v. Johnson & Johnson et al.*, Civil Action No. 22-C-72 MSH; *D.R.E. ex rel. K.J.W. v. Johnson & Johnson et al.*, Civil Action No. 22-C-74 MSH; *K.B. ex rel. B.M.B. v. Johnson* (continued…)

this case and the 14 related actions share issues of fact and law with the decision issued by the United States District Court for the Southern District of West Virginia in *City of Huntington v. AmerisourceBergen Drug Corp.*, 2022 WL 2399876 (S.D. W. Va. July 4, 2022) (addressing public nuisance claims against pharmaceutical distributors in relation to distribution of opioid medications in West Virginia).

4. On October 19, 2022, pursuant to an administrative order of the Chief Justice of West Virginia, the State's Mass Litigation Panel, "[f]inding good cause shown[,]" ordered this and related "actions currently pending in the Circuit Court of Marshall County, West Virginia, transferred to the Circuit Court of Kanawha County, West Virginia, and joined with *In re Opioid Litigation*, Civil Action No. 220-C-9000 NAS[.]" Order Granting Motion to Transfer NAS Cases, Oct. 19, 2022, Trans. ID No. 68276365, attached as Ex. A.

5. This action asserts claims against the Private Defendants, which are wholesale distributors of pharmaceuticals, pharmaceutical manufacturers, and other business entities that are not citizens of West Virginia. *See* Compl. ¶¶ 79–133. This action also includes claims against the West Virginia Board of Pharmacy ("The Board"). *See* Compl. ¶¶ 79–106, 120–147.

**II.    Compliance with Removal Statute**

6. This Notice of Removal ("Notice") is properly filed under 28 U.S.C. § 1441(a) in the United States District Court for the Southern District of West Virginia because the cases are

---

*& Johnson et al.*, Civil Action No. 22-C-75 MSH; *M.B. ex rel. D.A.A. v. Johnson & Johnson et al.*, Civil Action No. 22-C-77 MSH; *A.S.A. ex rel. K.K.J. v. Johnson & Johnson et al.*, Civil Action No. 22-C-78 MSH; *M.B. ex rel. H.C.A. v. Johnson & Johnson et al.*, Civil Action No. 22-C-79 MSH; *M.E.B. ex rel. E.N.B. v. Johnson & Johnson et al.*, Civil Action No. 22-C-80 MSH; *M.B. ex rel. S.D.A. v. Johnson & Johnson et al.*, Civil Action No. 22-C-81 MSH; and *A.S.A. ex rel. B.J.J. v. Johnson & Johnson et al.*, Civil Action No. 22-C-82 MSH.

pending in Kanawha County Circuit Court and Kanawha County is located in this federal judicial district.  28 U.S.C. § 129(b).

7. Removing Defendant was served with the Complaint on September 28, 2022.  In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days after Removing Defendant was served.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (holding that 30-day removal period begins to run upon service of summons and complaint).

8. All "properly joined and served" Defendants "consent to removal of [the] action." 28 U.S.C. § 1446(b)(2)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[N]otice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."); *see also* 28 U.S.C. § 1446(b)(2)(C) ("[A]ny earlier served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").  As discussed below, consent by the Board of Pharmacy is not required. *Shaffer v. Nw. Mut. Life Ins.*, 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) ("[F]raudulently joined defendants are not required to consent to a co-defendant's notice of removal."); *see also Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) ("[A] nominal party need not consent to removal.").

9. Removing Defendant will promptly file a copy of this Notice with the clerk of the Circuit Court of Kanawha County and serve notice of this filing on Plaintiff, as required by 28 U.S.C. § 1446(d).

10. Removing Defendant's Rule 7.1 Disclosure Statement will be filed promptly.

**III.     Diversity Jurisdiction**

11.     Removal of this case is proper under 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between Plaintiff and all Private Defendants.

12.     Plaintiff and Minor are citizens of the State of West Virginia.  *See* Compl. ¶¶ 1–2, 16.  Removing Defendant and the other Private Defendants are citizens of states other than West Virginia.  *See* Compl. ¶¶ 3–14.   Thus, complete diversity exists between Plaintiff and Private Defendants.

13.     Defendant AbbVie Inc. is a Delaware corporation with its principal place of business in North Chicago, Illinois.  Therefore, AbbVie Inc. is a citizen of Delaware and Illinois.  AbbVie Inc. is not a citizen of West Virginia.

14.     Defendant Allergan Finance, LLC is a Nevada limited liability company.  Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.  Therefore, Allergan Finance, LLC is a citizen of Nevada, Delaware, and New Jersey, and is not a citizen of West Virginia.

15.     Defendant Allergan Limited f/k/a Allergan plc is a private company limited by shares in Ireland with its principal place of business in Ireland.  Therefore, Allergan Limited f/k/a Allergan plc is a citizen of Ireland, and is not a citizen of West Virginia.

16.     Defendant Allergan Sales, LLC is a Delaware limited liability company with its principal place of business in Irvine, California.  Allergan Sales, LLC's two members are Allergan Holdco US, Inc. and Allergan Holdings, Inc., which are both incorporated in the state of Delaware with principal places of business in Irvine, California.  Therefore, Allergan Sales, LLC is a citizen of Delaware and California, and is not a citizen of West Virginia.

17. Defendant Allergan USA, Inc. is a Delaware corporation with its principal place of business in Madison, New Jersey. Therefore, Allergan USA, Inc. is a citizen of Delaware and New Jersey, and is not a citizen of West Virginia.

18. Defendant AmerisourceBergen Corporation is a Delaware corporation that maintains its principal place of business in Conshohocken, Pennsylvania. Therefore, AmerisourceBergen Corporation is a citizen of Delaware and Pennsylvania. AmerisourceBergen Corporation is not a citizen of West Virginia.

19. Defendant AmerisourceBergen Drug Corporation is a Delaware corporation that maintains its principal place of business in Conshohocken, Pennsylvania. Therefore, AmerisourceBergen Drug Corporation is a citizen of Delaware and Pennsylvania. AmerisourceBergen Drug Corporation is not a citizen of West Virginia.

20. Defendant Anda, Inc. is a Florida corporation and maintains its principal place of business in Weston, Florida. Therefore, Anda, Inc. is a citizen of Florida. Anda, Inc. is not a citizen of West Virginia.

21. Defendant Cardinal Health, Inc. is an Ohio corporation that maintains its principal place of business in Dublin, Ohio. Therefore, Cardinal Health, Inc. is a citizen of Ohio. Cardinal Health, Inc. is not a citizen of West Virginia.

22. Defendant H. D. Smith Holding Company merged into AmerisourceBergen Drug Corporation, a Delaware corporation with its principal place of business in Pennsylvania, effective 11:59 p.m. EST on September 30, 2018. The surviving corporation is AmerisourceBergen Drug Corporation. H. D. Smith Holding Company did not survive the merger with AmerisourceBergen Drug Corporation, no longer exists as a separate and distinct entity, and is not a citizen of West Virginia.

23. Defendant H. D. Smith Holdings, LLC, is a Delaware limited liability company that maintains its principal place of business in Pennsylvania and whose sole member is AmerisourceBergen Drug Corporation, a Delaware corporation that maintains its principal place of business in Pennsylvania. Therefore, H. D. Smith Holdings, LLC is a citizen of Delaware and Pennsylvania. H. D. Smith Holdings, LLC is not a citizen of West Virginia.

24. Defendant H. D. Smith, LLC is a Delaware limited liability company that maintains its principal place of business in Pennsylvania, whose sole member is H. D. Smith Holdings, LLC, which is a Delaware limited liability company that maintains its principal place of business in Pennsylvania and whose sole member is AmerisourceBergen Drug Corporation, a Delaware corporation that maintains its principal place of business in Pennsylvania. Therefore, H. D. Smith, LLC is a citizen of Delaware and Pennsylvania. H. D. Smith, LLC is not a citizen of West Virginia.

25. Defendant Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in New Jersey. Therefore, Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey. Janssen Pharmaceuticals, Inc. is not a citizen of West Virginia.

26. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey. Therefore, Johnson & Johnson is a citizen of New Jersey. Johnson & Johnson is not a citizen of West Virginia.

27. Defendant McKesson Corporation is a Delaware corporation that maintains its principal place of business in Texas. Therefore, McKesson Corporation is a citizen of Delaware and Texas. McKesson Corporation is not a citizen of West Virginia.

28. Defendant McKinsey & Company, Inc. is a New York corporation that maintains its principal place of business in New York. Therefore, McKinsey & Company, Inc. is a citizen of New York. McKinsey & Company, Inc. is not a citizen of West Virginia.

29. Defendant McKinsey & Company, Inc. United States is a Delaware corporation that maintains its principal place of business in New York.  Therefore, McKinsey & Company, Inc. United States is citizen of Delaware and New York.  McKinsey & Company, Inc. United States is not a citizen of West Virginia.

30. Defendant McKinsey & Company, Inc. Washington D.C. is a Delaware corporation that maintains its principal place of business in New York.  Therefore, McKinsey & Company, Inc. Washington D.C. is a citizen of Delaware and New York.  McKinsey & Company, Inc. Washington D.C. is not a citizen of West Virginia.

31. Defendant Noramco, LLC is a Delaware limited liability company that maintains its principal place of business in Delaware, whose sole member is Noramco U.S. Holdings Inc.  Noramco U.S. Holdings Inc. is a Delaware corporation with its principal place of business in Delaware.  Therefore, Noramco, LLC is a citizen of Delaware.  Noramco, LLC is not a citizen of West Virginia.

32. Defendant Teva Pharmaceutical Industries Ltd. (incorrectly named as Teva Pharmaceutical Industries, Ltd.) is an Israeli corporation with its principal place of business in Israel.  Therefore, Teva Pharmaceutical Industries Ltd. is a citizen of Israel.  Teva Pharmaceutical Industries Ltd. is not a citizen of West Virginia.

33. Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in New Jersey.  Therefore, Teva Pharmaceuticals USA, Inc. is a citizen of Delaware and New Jersey.  Teva Pharmaceuticals USA, Inc. is not a citizen of West Virginia.

34. Defendant  West Virginia Board of Pharmacy is either a citizen of West Virginia or an arm of the State of West Virginia without citizenship for purposes of diversity jurisdiction.  *See* Compl. ¶ 15; *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973); *S.C. Dep't of Disabilities &*

*Special Needs v. Hoover Universal*, Inc., 535 F.3d 300, 303 (4th Cir. 2008) ("[A] State is not a 'citizen' . . . . Moreover, a public entity created under state law, which is 'the arm or alter ego of the State,' is likewise not a citizen for purposes of diversity jurisdiction" (citations omitted).) The Board's citizenship should be disregarded, however, because it is fraudulently joined in this action. *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) ("[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'") (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "'Fraudulent joinder' is a term of art, [and] it does not reflect on the integrity of plaintiff or counsel . . . ." *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).

### A. The Only Non-Diverse Defendant, the Board, Is Fraudulently Joined.

35. A defendant is fraudulently joined if "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Johnson*, 781 F.3d at 704 (citation omitted) (emphasis in original); *see also Weidman v. Exxon Mobil Corp.,* 776 F.3d 214, 218 (4th Cir. 2015) (finding fraudulent joinder because plaintiff "cannot succeed in any of his claims against the non-diverse defendants").

36. Notably, this Court has previously applied the doctrine of fraudulent joinder in opioid litigation against pharmaceutical distributors, holding that diversity jurisdiction was established where the plaintiff could not recover against the non-diverse defendant in state court. *See Cnty. Comm'n of McDowell Cnty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017) (Faber, J.) (denying remand and holding that Court had diversity jurisdiction under doctrine of fraudulent joinder where plaintiff had no possibility of recovery against non-diverse doctor defendant); *City of Huntington v. AmerisourceBergen Drug Corp.*, 2017 WL 3317300, at *1, *5

(S.D. W. Va. Aug. 3, 2017) (Faber, J.) (noting absence of any "material difference" between case at hand and *City of Huntington*, and concluding that federal diversity jurisdiction existed because plaintiff had no possibility of recovering against fraudulently-joined doctor).

37. Here, as in these other cases, the diversity-defeating Defendant — the Board of Pharmacy — has been fraudulently joined because "there is *no possibility* that the plaintiff would be able to establish a cause of action against" the Board. *See Johnson*, 781 F.3d at 704 (emphasis in original).

38. The West Virginia Supreme Court of Appeals has consistently held that state agencies and the officials involved are "absolutely" immune from a "cause of action [that] arises from judicial, legislative, executive or administrative policy-making acts or omissions." *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 766 (W. Va. 2014). The Board of Pharmacy is entitled to absolute immunity against Plaintiff's claims because the claims are based on alleged acts or omissions that involve judicial, legislative, executive, and/or administrative policy-making — namely, the alleged duty to identify and report to a review board "abnormal or unusual results or practices of patients." *See* Compl. ¶¶ 15, 142–43; *Cochran v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 2014 WL 2973486, at *8 (S.D. W. Va. July 2, 2014) (deciding "which steps to take to provide a safe environment for inmates and failure to heed industry standards" was an "administrative policy-making act[]" for which the state corrections agency and corrections officer were "absolutely immune").

39. Even if it were not absolutely immune, the Board of Pharmacy would still have qualified immunity from precisely the kind of claims Plaintiff alleges here. Even agency actions that do not rise to the level of these policy-making functions are immune if they involve a matter that is left to the agency's discretion and do not violate "a clearly established statutory or

constitutional right of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive." *See W. Va. Bd. of Educ. v. Marple*, 783 S.E.2d 75, 81-82 (W. Va. 2015) ("Qualified immunity preserves the freedom of the State, its agencies, and its employees to deliberate, act, and carry out their legal responsibilities within the limits of the law and constitution."); *A.B.*, 766 S.E.2d at 766; *Clark v. Dunn*, 465 S.E.2d 374, 380–81 (W. Va. 1995) (concluding that "the doctrine of qualified or official immunity bars a claim of mere negligence against the Department of Natural Resources, a State agency"); *W. Va. Dep't of Health & Human Res. v. Payne*, 746 S.E.2d 554, 566 n.29 (W. Va. 2013) (acknowledging that qualified immunity of state agencies tasked with licensing responsibilities is necessary because, otherwise, "such public bodies could be made co-defendants in the majority of tort actions arising from the licensed or permitted private conduct") (citation omitted); *see also Ortega v. Young Again Products, Inc.*, 548 Fed. App. 108, 111 (5th Cir. 2013) (affirming district court's denial of motion to remand on basis that state qualified immunity doctrine precluded recovery against attorney for actions taken within the context of her "office, professional training, skill, and authority").

40. The Complaint asserts claims against the Board of Pharmacy with respect to alleged acts or omissions within the scope of the Board's duties as a state agency. Compl. ¶¶ 15, 54–56, 134–47. The state regulations cited in the Complaint do not require the Board to perform a ministerial act that is "so well prescribed, certain, and imperative that nothing is left to the public official's discretion." *Payne,* 746 S.E.2d at 565 n.26. Rather, the regulations simply establish "a general requirement" to identify potentially unusual behavior from patients and prescribers based on broad parameters set by an advisory committee, and thus "lack[] the specificity necessary to avoid application of qualified immunity for discretionary acts." *W. Va. Bd. of Educ. v. Croaff,* 2017 WL 2172009, at *6 n.2 (W. Va. May 17, 2017).

41. Furthermore, although the Complaint states that the Board's alleged failure to investigate or take enforcement action sooner was a "willful, malicious, and intentional dereliction of its duties," Compl. ¶¶ 137–139, the Complaint alleges no facts about the Board's (or its members') intent that could possibly support those conclusory statements. *See, e.g.*, *W. Va. Dep't of Envtl. Protection v. Dotson*, 244 W.Va. 621, 630 (2021) (environmental agency did not act fraudulently, maliciously, willfully, or oppressively in declining to serve notices of violation on certain mining sites that allegedly failed to comply with environmental laws).

42. Accordingly, the Board of Pharmacy has qualified immunity against Plaintiff's claims, all of which are based on conduct within the Board's discretion. *Payne,* 746 S.E.2d at 565 (granting qualified immunity to agency sued for failing to inspect and uncover safety violations in rehabilitation center, where regulations did not require agency "to micro-manage the daily functions of the facilities within their regulatory enforcement power"); *Croaff,* 2017 WL 2172009, at *6 & n.2 (granting qualified immunity to agency sued for failing to create a "reasonably safe" workplace under state laws, where regulations did not specify the "scope, nature, timing, or frequency" of safety inspections or maintenance).

43. The public duty doctrine also protects the Board of Pharmacy from claims that it breached a non-discretionary duty owed to the public as a whole. *See W. Va. State Police v. Hughes*, 796 S.E.2d 193, 199 (W. Va. 2017). While qualified immunity alone sufficiently protects the Board from suit, the public duty doctrine further affirms that Plaintiff cannot hold the Board liable for allegedly breaching its "regulatory duty." Compl. ¶ 142.

44. The federal court overseeing the opioid multidistrict litigation recently reached this same conclusion, holding under the doctrine of fraudulent joinder that diversity jurisdiction was properly established and that the citizenship of the Board of Pharmacy should be disregarded for

purposes of federal jurisdiction because the West Virginia plaintiffs' claims against the Board would have been "barred by the Public Duty Doctrine" if remanded to West Virginia state court. Order at 5, ECF No. 4502, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio June 8, 2022) (Polster, J.), attached as Ex. B.  Judge Polster held that the West Virginia plaintiffs' claims that the Board allowed opioid-related harms by violating and failing to enforce regulations lacked the "essential element" of a "special relationship between the [Board] and the Plaintiffs" that is required to state a claim against a state entity under West Virginia law.  *Id.* at 5–6. Moreover, Judge Polster explained that "[a] duty to enforce a regulation is exactly the type of duty that is 'owed to the general public' under the public duty doctrine."  Accordingly, in those cases, as here, the public duties that the Board allegedly violated are owed to "every person in the State of West Virginia . . . and not specifically or specially to the Plaintiffs," *id.* at 6, and for this reason Plaintiff has no claim against the Board.

45. In concluding that the Board had been fraudulently joined in related opioid matters in West Virginia, Judge Polster specifically distinguished *A.D.A. ex. rel. L.R.A. v. Johnson & Johnson*, No. 5:22-CV-15, 2022 WL 636423 (N.D. W. Va. Feb 15, 2022), a case on which Plaintiff might attempt to rely here.  *See* Ex. B at 6 n.8 (distinguishing *L.R.A.* decision because it did not focus on *fraudulent joinder*, but rather on the distinct doctrine of fraudulent *mis*joinder).[2]  In *L.R.A.*, the court conducted a *mis*joinder analysis and concluded that (1) the plaintiff's claims against the Board arose from the same series of transactions or occurrences as the claims against the other defendants, and (2) there was a question of law or fact common to all the parties.  *Id.* at

---

[2] Fraudulent joinder occurs where, as in this case, there is no viable cause of action against the diversity-defeating defendant, whereas fraudulent *mis*joinder arises when the claims against the diversity-defeating defendant have no real connection to the claims against the other defendants. *See, e.g.*, *McDowell Cnty.*, 263 F. Supp. 3d at 645.

*5. However, apart from a few brief recitations of the legal standard, the *L.R.A.* court did not analyze the doctrines that apply here — fraudulent joinder and the public duty doctrine — and for this reason Judge Polster concluded that *L.R.A.* did not inform his analysis of whether the Board of Pharmacy was fraudulently joined. *See* Ex. B at 6 n.8 ("The court's discussion in *L.R.A.* was limited to fraudulent misjoinder and never reached the issues of fraudulent joinder or viability of a claim under the public duty doctrine."). Thus, as the Judge overseeing the opioid multidistrict litigation has observed, *L.R.A.* has no bearing on the specific bases for removal in this case.[3]

### B. The Amount-in-Controversy Requirement Is Satisfied

46. With respect to the amount in controversy, Plaintiff seeks compensatory damages, restitution, and punitive damages. Compl. pp. 41–42. Plaintiff's allegations that Minor "was born addicted[,]" "suffered at the start of life[,]" "continues to suffer from [] persistent . . . difficulties with attention, mood, and cognition[,]" and "experienced significant developmental delays[,]" Compl. ¶ 78, demonstrate why the amount in controversy "plausibl[y] . . . exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014); *see Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (claims for serious bodily injury, pain and suffering, and lost earning capacity indicated that alleged damages exceeded $75,000); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (possibility of punitive damages made it "easy for the Court to fathom that the amount recovered could very well surpass the $75,000 jurisdictional requirement, especially in

---

[3] The Fourth Circuit dismissed an appeal of the *L.R.A.* decision on jurisdictional grounds only, without addressing the decision's merits. *See* Order, *A.D.A. ex rel. L.R.A. v. McKinsey & Co.*, No. 22-1219 (4th Cir. May 9, 2022), ECF. No. 21 ("Where a remand order is, in fact, premised on one of the § 1447(c) grounds, we may not review th[e] order even if it be manifestly, inarguably erroneous.") (citation and quotation marks omitted).

light of various West Virginia courts that have let stand awards of punitive damages that far exceed the compensatory damages to be recovered in a case").

47. Because Plaintiff's claims fall within this Court's original jurisdiction under 28 U.S.C. § 1332, this case is removable to this Court under 28 U.S.C. § 1441(b).

**IV. Other Removal Issues**

48. By filing this Notice of Removal, Removing Defendant does not waive any available defense and expressly reserves all such defenses, including those related to personal jurisdiction and service of process.

49. If any question arises as to the propriety of removal to this Court, Removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

50. Removing Defendant reserves the right to amend or supplement this Notice.

**WHEREFORE**, Removing Defendant removes this action, pending in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 22-C-76 MSH, to this Court, and requests that it be treated as related to the pending cases listed above.

October 26, 2022

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
Candice M. Harlow (WVSB #12496)
**JACKSON KELLY PLLC**
Post Office Box 553
Charleston, WV 25322
(304) 340-1000
gcallas@jacksonkelly.com
charlow@jacksonkelly.com

*Attorneys for Defendant AmerisourceBergen Drug Corporation*

## CERTIFICATE OF SERVICE

I, Gretchen M. Callas, do hereby certify that service of the foregoing "Notice of Removal" was made upon the following counsel of record, via First Class U.S. Mail, postage prepaid, and/or the CM/ECF system for the Southern District of West Virginia, this 26th day of October, 2022:

R. Booth Goodwin, Esquire
Benjamin B. Ware, Esquire
Stephanie H. Daly, Esquire
GOODWIN & GOODWIN, LLP
300 Summers Street,
Suite 1500
Charleston, WV 25301

W. Stuart Calwell, Jr., Esquire
L. Dante diTrapano, Esquire
Alex McLaughlin, Esquire
Benjamin D. Adams, Esquire
CALWELL LUCE DITRAPANO, PLLC
500 Randolph Street
Charleston, WV 25302

W. Jesse Forbes, Esquire
FORBES LAW OFFICE, PLLC
1118 Kanawha Boulevard, East
Charleston, WV 25301

P. Rodney Jackson, Esquire
THE LAW OFFICES OF P. RODNEY JACKSON
401 Fifth Third Center
700 Virginia Street, East
Charleston, WV 25301

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)